UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTHONY MCCONNELL, | § |
| | § |
| *Plaintiff*, | § |
| | § |
| v. | §    No. _____ |
| | § |
| HARRIS COUNTY, TEXAS, | § |
| | § |
| *Defendant*. | § |

**PLAINTIFF ANTHONY MCCONNELL'S ORIGINAL COMPLAINT**

Plaintiff Anthony McConnell (referred to as "McConnell") brings this action under 29 U.S.C. § 216(b) against Defendant Harris County, Texas (referred to as "Harris County") to recover back wages, liquidated damages, attorney's fees and costs under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

### I. Nature of Suit

1. McConnell's claims arise under the FLSA.

2. The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers … ." 29 U.S.C. § 202(a).

3. To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage and recordkeeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

4. Harris County violated the FLSA by employing McConnell "for a workweek longer than forty hours [but refusing to compensate him] for [his] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they were or are] employed." 29 U.S.C. § 207(a)(1).

5. Harris County willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

## II.  Jurisdiction & Venue

6. This action arises under a federal statute, the FLSA. 28 U.S.C. § 1331 (federal-question jurisdiction).

7. Venue is proper in this district and division because Harris County resides in this district and division. 28 U.S.C. § 1391(b)(1).

## III.  Parties

8. McConnell is an individual who resides in Montgomery County, Texas and who was employed by Harris County during the last three years.

9. Harris County is a political subdivision of the State of Texas that may be served with process by serving Harris County Judge Lina Hidalgo. *See*, Tex. Civ. Prac. & Rem. Code § 17.024(a).

## IV. Facts

10. Harris County is a political subdivision of the State of Texas located in the territorial jurisdiction of this Court.

11. Harris County is covered by the FLSA. 29 U.S.C. §§ 203(c), (e)(2), (x), 206(a), 207(a).

12. McConnell is a longtime employee of Harris County; he currently works as a deputy sheriff in the Harris County Sheriff's Department; he was promoted to lieutenant in December of 2013 and then subsequently to captain in February of 2020.

13. Like most lieutenants and captains, McConnell's primary duty is law enforcement, which consists of preventing or detecting crime; conducting investigations or inspections for violations of law; performing surveillance; pursuing, restraining and apprehending suspects; detaining or supervising suspected and convicted criminals, including those on probation or parole; interviewing witnesses; interrogating suspects; preparing investigative reports; responding to calls for service; and other similar work.

14. Harris County treats McConnell as an hourly employee; his pay is docked for partial day absences, and he receives compensatory (albeit at the incorrect rate) for any hours that he works over forty in a workweek.

15. In other words, Harris County does not pay McConnell on a salary basis. *See generally*, 29 C.F.R. §§ 541.600-541.607.

16. During McConnell's employment with Harris County, he regularly works in excess of forty hours per week.

17. Harris County knows (or reasonably should know) that McConnell works in excess of forty hours per week and that he has been doing so for years.

18. Harris County does not pay McConnell for the hours he works in excess of forty per week "at a rate not less than one and one-half times the regular rate at which he is employed." 29 U.S.C. § 207(a)(1).

19. Harris County does not award McConnell compensatory time off "at a rate not less than one and one-half hours for each hour of employment for which overtime compensation is required … ." 29 U.S.C. § 207(o)(1).

20. Instead of paying McConnell overtime compensation at the rate required by 29 U.S.C. § 207(a)(1) or awarding him the compensatory time off at the rate required by 29 U.S.C. § 207(o)(1), Harris County awards McConnell one hour of compensatory time off for each of the hours he works in excess of forty per week.

21. Additionally, Harris County limits the amount of compensatory time off that McConnell can accrue and, once he reaches that limit, does not award any additional compensatory time off or otherwise pay McConnell for the hours that he works.

22. In fact, once McConnell reaches the compensatory-time-off limit, Harris County does not even bother to track his time. *See*, 29 C.F.R. § 553.50 (public agency "shall maintain" records of the number of hours of compensatory time earned each workweek by each employee); *see generally*, 29 C.F.R. pt. 516 (recordkeeping requirements).

23. More specifically, Harris County does not pay any form of overtime compensation to McConnell after he accrues 240 hours of compensatory time off. 29 U.S.C. § 207(o)(3) (overtime compensation required after employee accrues 240 hours of compensatory time off).

24. And under its own policy, Harris County will not pay McConnell for any unused compensatory time off upon termination of his employment. 29 U.S.C. § 207(o)(4) (employee must be paid for accrued compensatory time off upon termination of his employment).

25. McConnell is not exempt from the maximum hour requirements of the FLSA.

26. Harris County knows or should know that McConnell is not exempt from the maximum hour requirements of the FLSA.

27. Harris County willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

28. During McConnell's employment with Harris County, it did not maintain accurate time and pay records (for example, with respect to his compensatory time off) for McConnell as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516 and 29 C.F.R> § 553.50.

29. Harris County continued the pay practice(s) complained of by McConnell without investigation after being put on notice that the pay practice(s) violated the FLSA.

30. Harris County has a history of FLSA violations that put it on actual notice of the requirements of the FLSA.

31. Prior to this lawsuit, Harris County conducted on or more internal investigations which revealed violations similar to the one(s) complained of by McConnell.

32. Because Harris County willfully violated the FLSA, the company is liable to McConnell for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

33. As a result of the FLSA violation(s) described above, Harris County is liable to McConnell for back wages, liquidated damages and attorney's fees and costs. 29 U.S.C. § 216(b).

## V. Count One—
## Failure to Pay Overtime in Violation of 29 U.S.C. § 207

34. McConnell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

35. During McConnell's employment with Harris County, he was a nonexempt employee.

36. As a nonexempt employee, Harris County was legally obligated to pay McConnell "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" for the hours he worked in excess of forty per week. 29 U.S.C. § 207(a)(1).

37. Harris County did not pay McConnell "at a rate not less than one and one-half times the regular rate at which he [was] employed[]" as required by 29 U.S.C. § 207(a)(1).

38. Instead, Harris County paid McConnell at his straight-time rate or did not pay him at all for the hours he worked in excess of forty per week.

39. If Harris County classified McConnell as exempt from the maximum hour requirements of the FLSA, he was misclassified.

40. As a result of the FLSA violation(s) described above, Harris County is liable to McConnell for back wages equal to the difference between what it should have paid and what it actually paid.

### VI. Count Two—
### Failure to Award Compensatory Time Off in
### Violation of 29 U.S.C. § 207(o)(1)

41. McConnell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

42. If Harris County claims that it awarded McConnell compensatory time off in lieu of overtime compensation, it still violated the law.

43. A public agency, including a political subdivision of a state, may, in lieu of paying overtime compensation, award "compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation [would be] required[.]" 29 U.S.C. § 207(o)(1).

44. Harris County did not award McConnell compensatory time off at a rate not less than one and one-half hours for each hour of employment for which overtime compensation would be required.

45. Instead, Harris County awarded McConnell compensatory time of at a rate of one hour for each hour of employment for which overtime compensation would be required.

46. As a result of the FLSA violation(s) described above, Harris County is liable to McConnell for back wages equal to the difference between what it should have paid and what it actually paid.

## VII.  Count Three—
## Failure to Pay Overtime Compensation
## After Accruing 240 Hours of Compensatory Time Off in
## Violation of 29 U.S.C. § 207(o)(3)

47. McConnell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

48. Public agencies that elect to award compensatory time off in lieu of overtime compensation must nonetheless pay overtime compensation to employees who accrue 240 hours of compensatory time off. 29 U.S.C. § 207(o)(3).

49. Harris County does not pay overtime compensation to McConnell when he accrues more than 240 hours of compensatory time off.

50. Instead, Harris County refuses to compensate McConnell at all for that time, whether in the form of cash or its equivalent or compensatory time off.

51. As a result of the FLSA violation(s) described above, Harris County is liable to McConnell for back wages equal to the difference between what it should have paid and what it actually paid.

## VIII. Count Four—
## Failure to Pay for Unused Compensatory Time Off
## Upon Termination of Employment in
## Violation of 29 U.S.C. § 207(o)(4)

52. McConnell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

53. Public agencies that elect to award compensatory time off in lieu of overtime compensation must pay for any unused compensatory time off upon termination of employment. 29 U.S.C. § 207(o)(4).

54. Under its own policy, Harris County will not pay McConnell for any unused compensatory time off upon termination of his employment. 29 U.S.C. § 207(o)(4).

## IX. Count Five—
## Willful Violation of the FLSA Under 29 U.S.C. § 255(a)

55. McConnell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

56. Harris County willfully violated the FLSA because it knew or showed a reckless disregard for whether its pay practices were unlawful.

57. During McConnell's employment with Harris County, it did not maintain accurate time and pay records (for example, with respect to his

compensatory time off) for McConnell as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516 and 29 C.F.R. § 553.50.

58. Harris County continued the pay practice(s) complained of by McConnell without investigation after being put on notice that the pay practice(s) violated the FLSA.

59. Harris County has a history of FLSA violations that put it on actual notice of the requirements of the FLSA.

60. Prior to this lawsuit, Harris County conducted on or more internal investigations which revealed violations similar to the one(s) complained of by McConnell.

61. Because Harris County willfully violated the FLSA, the company is liable to McConnell for any FLSA violations that occurred during the last three years. 29 U.S.C. § 255(a).

## X. Count Six—
## Liquidated Damages, Attorney's Fees & Costs
## Under 29 U.S.C. § 216(b)

62. McConnell adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

63. McConnell is authorized to recover liquidated damages on his claims by statute. 29 U.S.C. § 216(b).

64. McConnell is authorized to recover attorney's fees and costs on his claims by statute. 29 U.S.C. § 216(b).

65. McConnell has retained the professional services of the undersigned attorneys.

66. McConnell has complied with the conditions precedent to recovering attorney's fees and costs.

67. McConnell has incurred or may incur attorney's fees and costs in bringing this lawsuit.

68. The attorney's fees and costs incurred or that may be incurred by McConnell were or are reasonable and necessary.

69. Harris County is liable to McConnell for liquidated damages, attorney's fees and costs by reason of the FLSA violations described above. 29 U.S.C. § 216(b).

## XI. Relief Sought

70. McConnell demands the following relief:

    a. judgment against Harris County in McConnell's favor for back wages, liquidated damages and attorney's fees, plus interest and costs; and

    b. all other relief and sums that may be adjudged against Harris County in McConnell's favor.

Respectfully Submitted,

MOORE & ASSOCIATES
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas  77002-1063
Telephone: (713) 222-6775
Facsimile: (713) 222-6739


By: _Melissa Moore_
Melissa Moore
Tex. Bar No. 24013189
S.D. Tex. Bar No. 25122
melissa@mooreandassociates.net
Curt Hesse
Tex. Bar. No. 24065414
S.D. Tex. Bar No. 968465
curt@mooreandassociates.net

**ATTORNEYS FOR PLAINTIFF**

Of Counsel:

Renu Tandale
Tex. Bar No. 24107417
S.D. Tex. Bar. No. 3487389
renu@mooreandassociates.net